IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**CHRISTIN MURPHY,** *individually, and*
*on behalf of others similarly situated,*

Plaintiffs,

v.   No. _____

**CNG RESTAURANTS LLC,**   FLSA Opt-In Collective Action
*d/b/a Twin Peaks Restaurant,*
*a Tennessee Limited Liability Company,*

**JURY DEMANDED**

Defendant.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Christin Murphy, individually, and on behalf of other similarly situated current and former tipped employees (servers and bartenders), brings this collective action against Defendant CNG Restaurants LLC ("Defendant"), and alleges as follows:

### I. INTRODUCTION.

1. This lawsuit is brought against Defendant as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid minimum wages, overtime compensation, and other damages owed to Plaintiff and other similarly situated current and former tipped employees who are members of a class as defined herein.

### II. JURISDICTION AND VENUE.

2. Jurisdiction is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff and Class Members were employed by Defendant in this district at all times relevant to

1

this action, Defendant regularly conducts business in this district, and has engaged and continues to engage in wrongful conduct alleged herein in this district, during all material times in this cause.

### III. CLASS DESCRIPTION.

4. Plaintiff bring this action on behalf of the following similarly situated persons:

   All current and former servers and/or bartenders (Twin Peaks Girls) of Defendant during the three (3) year period preceding the filing of this Complaint, up to and including the date of final judgment in this matter, and who are the Named Plaintiff(s) or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class")[1]

### IV. PARTIES.

5. Defendant CNG Restaurants LLC is a Tennessee for-profit limited liability company with its principal office located at 4709B Dakota Avenue, Nashville, Tennessee 37209-3527. CNG Restaurants LLC may be served through its registered agent for service of process: United States Corporation Agents, Inc., 5865 Ridgeway Center Parkway, Memphis, Tennessee 38120-4032.

6. Defendant CNG Restaurants LLC is a franchisee of Twin Peaks Restaurants and owns and operates the Twin Peaks Restaurant located at 1634 Galleria Boulevard, Brentwood, Tennessee 37027-2925.

7. Twin Peaks Restaurant is a "man-cave" themed sports bar featuring food and a variety of alcoholic beverages served by Twin Peaks Girls.

8. Defendant CNG Restaurants LLC was the "employer" of Plaintiff and similarly situated workers for purposes of the FLSA, 29 U.S.C. §203(d), during the relevant period to this action.

---

[1] Plaintiff reserves the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

9. At all times relevant herein, Defendant has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a).

10. Plaintiff Murphy was employed by Defendant as an hourly-paid tipped employee (Twin Peaks Girl) during the relevant period herein. Her Consent to Join this collective action is attached hereto as *Exhibit A*.

## VI. FACTS

11. Upon information and belief, Defendant owns and operates a single Twin Peaks Restaurant located in Brentwood, Tennessee.

12. This restaurant is a full-service restaurant that employs servers and bartenders (Twin Peaks Girls) to serve food and beverage items to customers.

13. Plaintiff Murphy worked for Defendant at its Twin Peaks Restaurant located in Brentwood, Tennessee. As a tipped employee, she was paid at a "tip-credit" rate of pay which is less than the federal minimum wage of $7.25 per hour.

14. Plaintiff and other Twin Peaks Girls were required to report to work at 10:30 am; however, they were suffered and/or permitted to work "off the clock" until 11:00 am when the restaurant officially opened. During this thirty (30) minutes, Plaintiff and other Twin Peaks Girls would meet with Defendant's management and prepare the restaurant to open at 11:00 am. As such, they were not paid at all for this thirty (30) minute window.

15. Moreover, Plaintiff and other tipped employees typically worked forty (40) or more hours per week.

16. Despite working over forty (40) hours a week Plaintiff and other Twin Peaks Girls did not receive overtime pay. Plaintiff and other Twin Peaks Girls would only receive the tipped credit rate of $2.13 per hour and any tips received.

17. This nonpayment of overtime to Plaintiff and Class Members is a direct violation of 29 CFR § 531.60.

18. Defendant knew or should have known that its policies and practices violated the law, and Defendant has not made a good faith effort to comply with the FLSA. Rather, Defendant acted knowingly, willfully, and/or with reckless disregard of the law carried and continues to carry out an illegal pattern and practice regarding its tipped employees. Defendant's method of paying Plaintiffs and the putative class was not based on a good faith and reasonable belief that its conduct complied with the law.

## VII. COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff, on behalf of herself and other members of the class, repeats and re-alleges each preceding paragraph above as if they were fully set forth herein.

20. Plaintiff brings this action on behalf of herself and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

21. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

22. These claims are unified by common theories of Defendant's FLSA violations.

## COUNT I
## FLSA VIOLATIONS – OVERTIME COMPENSATION
### (On Behalf of the Class)

23. Plaintiff, on behalf of herself and other members of the class, repeats and re-alleges each preceding paragraph above as if they were fully set forth herein.

24. Pursuant to Defendant's common de facto policies and practices, it has failed to pay Plaintiff and other members of the class the applicable overtime compensation as required by the FLSA.

4

25. Defendant willfully failed to pay Plaintiff and members of the class at least one and one-half times their regular rate for all hours worked in excess of forty (40) per work week.

26. At all times relevant, Defendant had actual and/or constructive knowledge of willfully refusing to pay Plaintiff and other members of the class for all the aforementioned compensable time of at least the applicable FLSA overtime rate of pay.

27. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

28. Due to Defendant's aforementioned willful FLSA violations and, lack of a good faith basis in committing such violations, Plaintiff and the other members of the class are entitled to recover from Defendant compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## COUNT II
## FLSA VIOLATIONS – MINIMUM WAGE
### (On Behalf of the Class)

29. Plaintiff, on behalf of herself and other members of the class, repeats and re-alleges each preceding paragraph above as if they were fully set forth herein.

30. Pursuant to Defendant's common de facto policies and practices, it has failed to pay Plaintiff and other members of the class the applicable minimum wage as required by the FLSA.

31. Defendant willfully failed to pay Plaintiff and members of the class at the minimum wage for the first 30 minute of the shifts they worked "off the clock" as described in paragraph 14.

32. At all times relevant, Defendant had actual and/or constructive knowledge of willfully refusing to pay Plaintiff and other members of the class all minimum wages they are entitled to under the FLSA.

33. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

34. Due to Defendant's aforementioned willful FLSA violations and, lack of a good faith basis in committing such violations, Plaintiff and the other members of the class are entitled to recover from Defendant compensation for unpaid minimum wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Whereas, Plaintiff individually, and/or on behalf of all other similarly situated members of the class, requests this Court to grant the following relief against Defendant:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. On Count I, an award of compensation for unpaid overtime wages to Plaintiff and the other members of the class at the applicable FLSA overtime rate of pay;

C. On Count II, an award of compensation for unpaid minimum wages to Plaintiff and the other members of the class at;

D. On Counts I and II an award of liquidated damages to Plaintiffs and other members of the class;

E.  On Counts I and II an award of prejudgment (to the extent liquidated damages are not awarded) interest and post-judgment interest at the applicable legal rate to Plaintiffs and other members of the class;

F.  On Counts I and II an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class;

G.  On Counts I and II a ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

H.  Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **trial by jury** on all issues so triable.

Dated: January 20, 2023.

Respectfully Submitted,

*/s/ J. Russ Bryant*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**

7

Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

Attorneys for Plaintiffs

8